UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

PERCIVAL ROCHELLE JOHNSON, a/k/a
Percy,
          *Defendant-Appellant.*

No. 00-4350

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-82)

Submitted: January 24, 2002

Decided: February 11, 2002

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Mark T. Calloway, United States
Attorney, Gretchen C.F. Shappert, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Percival Rochelle Johnson appeals his conviction and sentence after his guilty plea, pursuant to a plea agreement, to a criminal information alleging conspiracy to distribute and to possess with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001); and possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C.A. § 922(g) (West 2000). On appeal, Johnson asserts that his conviction and sentence are invalid under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because we conclude that *Apprendi* does not apply to Johnson's claims, we affirm his convictions and sentence.

Johnson waived his right to indictment and pleaded guilty to a criminal information. The information to which Johnson pleaded guilty did not include drug quantity in the drug conspiracy charge in count one. In the plea agreement, however, Johnson acknowledged that the maximum sentence under count one was life imprisonment, and stipulated that he was responsible for between 50 and 150 grams of crack cocaine. Based upon this drug quantity and Johnson's three prior drug felony convictions, the district court determined that a mandatory sentence of life imprisonment was required under § 841(b)(1)(A). The district court sentenced Johnson to life imprisonment and ten years supervised release on count one; and ten years imprisonment and three years supervised release on count two, to be served concurrently with the sentence on count one.

Because Johnson waived his right to indictment and pleaded guilty to a criminal information, which could be amended by the government without the intervention of a grand jury, the principles of *Apprendi* are not applicable. See *United States v. Cotton*, 261 F.3d

397, 404-05 (4th Cir. 2001) (defining nature of *Apprendi* error as a defect in the indictment), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687).

Accordingly, we affirm Johnson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*